# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VIKRAMKUMAR J. SHAH | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00685 |
| | § | Judge Mazzant |
| PLANO INDEPENDENT SCHOOL DISTRICT | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #14). Having considered the relevant pleadings and evidence, the Court finds the motion should be denied.

## BACKGROUND

On or about October 20, 2016, Defendant Plano Independent School District ("PISD") hired Plaintiff Vikramkumar Shah to work as a substitute teacher. Plaintiff was hired as an at-will employee, and was never employed under an employment contract. Plaintiff is over forty (40) years old, from India and of Asian descent. PISD maintains a policy entitled "Employee Standards of Conduct: Educator's Code of Ethics", which all PISD employees must adhere. That policy includes the following relevant standards of conduct:

> Standard 3 .2. The educator shall not intentionally, knowingly, or recklessly treat a student or minor in a manner that adversely affects or endangers the learning, physical health, mental health, or safety of the student or minor.
>
> Standard 3.8. The educator shall maintain appropriate professional educator-student relationships and boundaries based on a reasonably prudent educator standard.

(Dkt. #14, Exhibit 3 at p. 3).

The PISD Substitute Handbook, 2016–2017 (the "Substitute Handbook") also prohibited physical contact with students and provided an example of unacceptable physical touch:

> Substitutes should not have physical contact with students outside of the job duties for an assignment. For example, a special education substitute might need to assist a student with standing up or sitting down . . . . Physical contact with students is to be avoided. For example, giving a student a shoulder massage would be unacceptable.

(Dkt. #14, Exhibit 4 at pp. 24–25).

On February 6, 2017, Plaintiff selected an assignment to work as a substitute special education assistant at Mitchell Elementary School. At approximately 7:30a.m. on that day, Mitchell Elementary School teacher Michaela Davis ("Davis"), allegedly observed Plaintiff stroke a student in an inappropriate manner.

Davis ultimately redirected Plaintiff to his next assignment in the gym. In the gym, special education assistant Tiffany Allen ("Allen") again allegedly observed Plaintiff touch a student in an inappropriate manner. Allen eventually reported Plaintiff's conduct to Davis at approximately 9:30 a.m., who in turn reported Plaintiff's conduct to Mitchell Elementary School principal Bob Farris ("Farris").

Farris then met with Plaintiff to discuss his conduct. Plaintiff declined to give a written account of the incidents, stating only that he was just giving special needs students extra attention to build a relationship with him. The same day, Farris reported Plaintiff's conduct to PISD Human Resources Director Suzanne Drotman ("Drotman"). Drotman initiated an investigation into Plaintiff's conduct, ultimately reporting his conduct to the Texas Department of Family and Protective Services, Child Protective Services Division.

On March 17, 2017, Drotman met with Plaintiff again. Drotman informed Plaintiff that the investigation did not determine that Plaintiff's conduct conformed to the legal definition of

child abuse, but rather that the conduct violated PISD's policies on physical contact with students. Drotman informed Plaintiff that she would being the process of terminating his employment with PISD, and presented him with the option of resignation in lieu of termination. Plaintiff subsequently resigned.

On or around July 24, 2017, Plaintiff filed a charge of discrimination (the "Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"). The Charge alleged discrimination on the basis of race, national origin, and disability (Dkt. #14, Exhibit 14 at p. 1). The EEOC issued Plaintiff a Dismissal and Notice of Rights letter the same day. On September 27, 2017, Plaintiff filed suit in the Eastern District of Texas, asserting that PISD discriminated against him on the basis of her race and national origin, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–2(a)(1).

On April 27, 2018, PISD filed a motion for summary judgment (Dkt. #14). On May 18, 2018, Plaintiff filed a response (Dkt. #15; Dkt. #16; Dkt. #17). On May 25, 2018, PISD filed a reply (Dkt. #20).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware*

*Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 Fed.Appx. 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

Defendant asserts that Plaintiff's age and sex/gender discrimination claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 should be dismissed. Defendant asserts that Plaintiff did not complain of any racial harassment to the EEOC and, therefore, to the extent Plaintiff alleges an age and/or sex/gender discrimination claim under Title VII in his lawsuit, his claim must fail. Plaintiff did not respond to this argument. The Local Rules state:

> In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment.

Local Rule CV-56(c).

Furthermore, Plaintiff did not allege or even mention an age and/or sex/gender discrimination claim in his EEOC charge (Dkt. #14, Exhibit 14). Since before *McClain v. Lufkin Ind., Inc.*, the law in the Fifth Circuit is clear that an employee must file his charge with the EEOC and exhaust administrative remedies by requesting an investigation of the facts he claims support a Title VII claim. 519 F.3d 264, 273 (5th Cir. 2008); *Turner v. Novartis Pharmaceuticals Corp.*, 442 F. App'x 139, 141 (5th Cir. 2011). Exhaustion must precede a lawsuit. The administrative-exhaustion requirement is also considered met for any other claims within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). This rule serves "to trigger the investigatory and conciliatory procedures of the EEOC" without keeping unsophisticated complainants out of court on technicalities. *Id.* at 788–89.

In this case, Plaintiff filed one EEOC charge alleging a claim for discrimination based on his race, national origin, and disability (Dkt. #14, Exhibit 14). There is no mention of any type of age and sex/gender discrimination. The charge does not reasonably encompass claims for age and sex/gender discrimination. *See Pacheco*, 448 F.3d at 788–89 (finding that the scope of an EEOC charge is both the charge itself and the investigation which can "reasonably be expected to grow out of the charge of discrimination"). Because Plaintiff did not exhaust his administrative remedies, summary judgment is proper his claims of age and sex/gender discrimination.[1]

However, regarding Plaintiff's remaining claims, after a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden demonstrating that there are no material issues of fact entitling it to judgment as a matter of law. The case should proceed to trial.

## CONCLUSION

Based on the foregoing, the Court finds Defendant's Motion for Summary Judgment (Dkt. #14) is **GRANTED in part** and **DENIED in part**. Accordingly, Plaintiff's age and/or sex/gender discrimination claims are **DISMISSED** without prejudice. The case should proceed to trial on Plaintiff's claims based on race, national origin and disability discrimination.

**SIGNED this 16th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] *See Walton-Lentz v. Innophos, Inc.*, No. 11–30299, 2012 WL 1428899, at *2 (5th Cir. April 25, 2012).