# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VIKRAMKUMAR J. SHAH, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-00685 |
| | § | JUDGE MAZZANT |
| PLANO INDEPENDENT SCHOOL DISTRICT. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Plano Independent School District's Amended Motion to Reconsider Partial Denial of Motion for Summary Judgment (Dkt. #30). The Court, having considered the motion, evidence, and the relevant pleadings, finds that the motion should be granted.

## BACKGROUND

On or about October 20, 2016, Defendant Plano Independent School District ("PISD") hired Plaintiff Vikramkumar Shah to work as a substitute teacher. Plaintiff was hired as an at-will employee and was never employed under an employment contract. Plaintiff is over forty (40) years old, from Indian and of Asian descent. PISD maintains a policy entitled "Employee Standards of Conduct: Educator's Code of Ethics," which all PISD employees must adhere to. The policy includes the following relevant standards of conduct:

> Standard 3.2. The educator shall not intentionally, knowingly, or recklessly treat a student or minor in a manner that adversely affects or endangers the learning, physical health, mental health, or safety of the student or minor.
> . . . .
> Standard 3.8. The educator shall maintain appropriate professional educator-student relationships and boundaries based on a reasonably prudent educator standard.

(Dkt. #14, Exhibit 3 at p. 3).

The PISD Substitute Handbook, 2016–2017 (the "Substitute Handbook") also prohibited physical contact with students and provided an example of unacceptable physical touch:

> Substitutes should not have physical contact with students outside of the job duties for an assignment. For example, a special education substitute might need to assist a student with standing up or sitting down . . . . Physical contact with students is to be avoided. For example, giving a student a shoulder massage would be unacceptable.

(Dkt. #14, Exhibit 4 at pp. 24–25).

On February 6, 2017, Plaintiff selected an assignment to work as a substitute special education assistant at Mitchell Elementary School. At approximately 7:30a.m. on that day, Mitchell Elementary School teacher Michaela Davis ("Davis") allegedly observed Plaintiff stroke a student in an inappropriate manner.

Davis ultimately redirected Plaintiff to his next assignment in the gym. In the gym, special education assistant Tiffany Allen ("Allen") again allegedly observed Plaintiff touch a student in an inappropriate manner. Allen eventually reported Plaintiff's conduct to Davis at approximately 9:30 a.m., who in turn reported Plaintiff's conduct to Mitchell Elementary School principal Bob Farris ("Farris").

Farris then met with Plaintiff to discuss his conduct. Plaintiff declined to give a written account of the incidents, stating only that he was just giving special needs students extra attention to build a relationship with him. The same day, Farris reported Plaintiff's conduct to PISD Human Resources Director Suzanne Drotman ("Drotman"). Drotman initiated an investigation into Plaintiff's conduct, ultimately reporting his conduct to the Texas Department of Family and Protective Services, Child Protective Services Division.

On March 17, 2017, Drotman met with Plaintiff again. Drotman informed Plaintiff that the investigation did not determine that Plaintiff's conduct conformed to the legal definition of

child abuse, but rather that the conduct violated PISD's policies on physical contact with students. Drotman informed Plaintiff that she would begin the process of terminating his employment with PISD and presented him with the option of resignation in lieu of termination. Plaintiff subsequently resigned.

On or around July 24, 2017, Plaintiff filed a Charge of Discrimination (the "Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"). The Charge alleged discrimination on the basis of race, national origin, and disability (Dkt. #14, Exhibit 14 at p. 1). The EEOC issued Plaintiff a Dismissal and Notice of Rights letter the same day. On September 27, 2017, Plaintiff filed suit in the Eastern District of Texas, asserting that PISD discriminated against him on the basis of his race, national origin, age, and sex in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e–2(a)(1).

On April 27, 2018, PISD filed a motion for summary judgment (Dkt. #14) on all claims asserted by Plaintiff. On August 16, 2018, the Court entered its Memorandum Opinion and Order (Dkt. #25) granting in part and denying in part PISD's motion for summary judgment. The Court granted summary judgment in favor of PISD on Plaintiff's claims of age and sex/gender-based discrimination because Plaintiff failed to exhaust his administrative remedies as to those allegations. The Court concluded that the present action shall proceed to trial on Plaintiff's claims that PISD discriminated against him because of his race, national origin, and disability. On September 7, 2018, PISD filed the present motion to reconsider the Court's partial denial of PISD's motion for summary judgment and specifically requests that the Court amend its ruling to omit the claim that Plaintiff was discriminated against based on a disability in violation of the Americans with Disabilities Act of 1990 42 U.S.C. § 12102 (the "ADA"). PISD also requests that the Court

clarify which issues of material fact remain to be tried. Plaintiff failed to file a response to PISD's motion for reconsideration.[1]

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b). "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care,*

---

[1] The Court notes that pursuant to the Local Rules for the Eastern District of Texas, "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." *See* LOCAL RULE CV 7(d)

4

*Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

PISD first requests that the Court amend its earlier Memorandum Opinion and Order (Dkt. #25) to remove language which permits Plaintiff to proceed to trial on a claim that he was discriminated against because of a disability in violation the ADA. PISD specifically contends that Plaintiff has never asserted a claim for disability-based discrimination and thus allegations of such are improper to be first introduced at trial.

The Court agrees; disability-based discrimination under the ADA, though raised before the EEOC, has never been a contention in the present action. Plaintiff's Charge filed with the EEOC states, in pertinent part:

> III. DISCRIMINATION STATEMENT:
> I Believe I was discriminated against on the bases of my Race(Asian) and National Origin (Indian) in violation of Title VII of the Civil Rights Act of 1964. I also believe I was discriminated against on the bases of my *Disabilities* in violation of the Americans With Disabilities Act of 1990, as amended.

(Dkt. #14, Ex. 15 at p. 4) (emphasis added). The EEOC is given 180 days to investigate charges of discrimination in an attempt to resolve them expeditiously. If unsuccessful, the EEOC may issue a Dismissal and Notice of Rights letter which contains a right-to-sue provision granting the complaining party the right to end the administrative process and proceed to filing a lawsuit on claims that were raised in the Charge of Discrimination and thus made subject of the EEOC's

investigation. The right-to-sue letter, however, is not itself a lawsuit, and the complaining party must file a complaint and properly plead claims for which it seeks relief.

Here, although the EEOC issued a right-to-sue regarding Plaintiff's allegations of discrimination based on race, national origin, and disability, Plaintiff did not sue alleging disability-based discrimination in violation of the ADA. In fact, Plaintiff's operative complaint (Dkt. #1) is devoid of any mention of any disability and neither references the ADA nor presents any evidence suggesting a claim of disability-based discrimination. The Court, construing Plaintiff's pleading liberally, cannot determine that there is a live claim for disability-based discrimination under the ADA. A claim which was not pleaded in the complaint, cannot be raised for the first time on summary judgment. *See Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (affirming that a claim which was not raised in the operative complaint but, rather, raised in response to motion for summary judgment was not properly before the court); *see also U.S. ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012); *Carter v. Ridge*, 255 F. App'x 826, 831 (5th Cir. 2007).

PISD next requests that the Court explain which issues of material fact remain to be taken up at trial. As denoted in its Memorandum Opinion and Order (Dkt. #25), the Court determined that PISD did not meet its burden to demonstrate that there are no material issues of fact regarding an essential element of Plaintiff's claims of race and national origin discrimination. Therefore, all aspects of Plaintiff's claims for race and national origin discrimination under Title VII are proper for trial.

**CONCLUSION**

Accordingly, for the reasons stated herein, the Court finds that Defendant Plano Independent School District's Amended Motion to Reconsider Partial Denial of Motion for

Summary Judgment (Dkt. #30) is **GRANTED**.  Plaintiff has no live claim based on disability discrimination under the ADA, and this case shall proceed to trial solely on Plaintiff's claims that PISD discriminated against him because of his race and national origin.

**SIGNED this 5th day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE